UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER SANFORD,<br><br>        Plaintiff,<br><br>v.<br><br>INHALIO, INC,<br><br>        Defendant. | Case No. 22-cv-06090-SVK<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION** |

The Court's review of Plaintiff's motion for default judgment (Dkt. 35) raises a question of whether the Court has subject matter jurisdiction in this case. Both the First Amended Complaint ("FAC") and the motion for default judgment assert that diversity jurisdiction exists. *See* Dkt. 16 ¶ 2 (citing 28 U.S.C. § 1332); Dkt. 35 at 4 (same). In relevant part, 28 U.S.C. § 1332 provides that district courts have original jurisdiction over all civil actions where the matter in controversy is in excess of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).

The FAC states that Plaintiff is a resident of California and that Defendant is a Delaware corporation with its principal place of business in California. Dkt. 16 ¶¶ 4-5. For diversity purposes, "a corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business." 28 U.S.C. § 1332(b)(1). From the allegations of the FAC, it appears that Defendant is a citizen of both Delaware (where it is incorporated) and California (where it has its principal place of business). Further indications that Defendant's principal place of business is in California are the California address given for Defendant in the settlement agreement and promissory note that is the subject of the FAC (*see* Ex. A Dkt. 16) and the recitations in Plaintiff's declaration in support of the motion for default judgment regarding his dealings with Defendant in California (*see, e.g.,* Dkt. 35-1 ¶ 4 ("I am aware that the CEO of Inhalio was also a resident of Santa Clara County, and the company

listed its headquarters as Scotts Valley, California, and I met with the CEO on more than one occasion in Santa Clara County at its manufacturing facility); *id.* ¶ 5 ("During all the negotiations for all of the above contracts, I was a resident of, and was located in, California, and I am informed and believe that Defendant's headquarters and manufacturing was in Santa Clara County California and the CEO of Inhalio resided in Santa Clara County or Santa Cruz County")). Accordingly, it appears that both Plaintiff and Defendant are citizens of California for purposes of determining whether diversity jurisdiction exists, and therefore the requirement of diverse citizenship is not satisfied.

The FAC also states that "the contracts upon which this action is based contains [sic] a forum selection clause specifying that this Court shall have jurisdiction of the matter." Dkt. 16 ¶ 2. However, "[i]t is a fundamental and well-settled principle that parties cannot create subject matter jurisdiction by consent." *IWAPI, Inc. v. MShift, Inc.*, 2013 WL 12155781, at *1 (N.D. Cal. Aug. 7, 2013) (citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)).

In light of the foregoing, the Court **ORDERS** that by **May 17, 2024,** Plaintiff must file a response to this order that **SHOWS CAUSE** why the Court should not order reassignment of this case to a District Judge with a recommendation that the case be dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

Dated: May 1, 2024

SUSAN VAN KEULEN
United States Magistrate Judge

2